**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

NEURO-MEDICAL DIAGNOSTIC CARE
SERVICES, PC; and MEDICAL TECH.
INCORPORATION,

                                                 Plaintiffs,

                                                                                   1:13-CV-1593
        v.                                                                            (MAD/ATB)

DEPARTMENT OF TRANSITIONAL
ASSISTANCE, et al.,

                                                 Defendants.

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a complaint,[1] purportedly filed on behalf of plaintiffs Neuro-Medical Diagnostic Care Services, PC ("NMD") and Medical Tech. Incorporation ("MTI"), together with an inordinate number of exhibits.[2] (Dkt. No. 1) Plaintiffs have also filed an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt. No. 2, 4). For the following reasons, this

---

[1] An individual named Mr. Mazzeo Unum filed the complaint on behalf of the corporations. The court notes that Mr. Mazzeo Unum actually submitted two form-complaints, but he has filed them as one complaint. The first form-complaint is for Age Discrimination in Employment ("ADEA"), 29 U.S.C. § 626(c)(1). (Dkt. No. 1 at CM/ECF pp.1-4). The second form-complaint is for disability discrimination pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq. Each complaint contains different defendants, but the court will consider all these submissions together.

[2] The exhibits are so voluminous that the court has not required the Clerk's Office to scan them into the court's electronic filing system. The exhibits will be maintained in a separate file for any eventual appeal that plaintiff may take. The court has reviewed the exhibits in making its determination.

court must deny plaintiffs' IFP application and motion for appointment of counsel, and will recommend dismissal of the entire action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

I.      **IFP Application/Pro Se Status**

The only plaintiffs listed in the captions of either form-complaint are NMD and MTI. The individual who filed the complaints (Mazzeo Unum) has not listed himself as a plaintiff in either caption; however he signed the first complaint form along with NMD and MTI.[3] (Dkt. No. 1). Thus, it is extremely unclear what Mr. Unum meant to do. The court will consider the submissions with the corporations as plaintiffs; but, in the alternative, will consider the allegations as if Mr. Unum were also named as a plaintiff in his own right.

It is well-settled that a person who has not been admitted to practice law may not represent anyone other than himself.[4] *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). *See also* 28 U.S.C. § 1654. Additionally, corporate entities may not proceed pro se. *See Lawrence v. United States Securities and Exchange Comm'n*, 384 F. App'x 44, 45 (2d Cir. 2010) (a corporation may not appear pro se or be represented

---

[3] The court assumes that it is MTI because the name of the corporation on the signature page of the first complaint form is: Medical/Surgical Technical Technition [sic] Incorporated. (Dkt. No. 1 at 4). NMD is listed with Mr. Mazzeo Unum's address, but MTI has a New York City address and has three individuals listed as "management:" Andrew Blumenthal, Paul Mateo, and Alicia Klimkavich, D.C. (Dkt. No. 1 at 1).

[4] A limited exception exists if an individual appears for an estate in which there are no other beneficiaries or creditors. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). The exception is not applicable to this case.

by a non-lawyer). In *Berrios v. N.Y. City Housing Authority*, 564 F.3d 130, 133 (2d Cir. 2009), the court made it clear that the rule prohibiting an entity from proceeding *pro se* applies to a corporation of which plaintiff is the sole shareholder; a limited liability company of which he is the sole member; a partnership of which he is a partner; a co-party in the litigation; an estate that has beneficiaries or creditors other than the lay litigant; or a minor child. *Id.* Courts have also disapproved any circumvention of this rule by the "procedural device" of assigning the corporation's claims to the lay individual. *See Sanchez v. Walentin*, No. 10-CV-7815, 2012 WL 336159 (S.D.N.Y. Jan. 31, 2012) (citing cases). In *Guest v. Hansen*, 603 F.3d at 20, the Second Circuit stated that the court has a responsibility to ensure appropriate representation for the parties appearing before it, even if those parties do not raise the issue.

If the corporate entities were the only plaintiffs, the court could end its consideration at this point because Mr. Mazzeo Unum could not represent either of the corporations, and the entities could not proceed pro se. The case would have to be dismissed unless the corporate entities obtained counsel.[5] However, because the submissions in this case are so confusing, the merits are so lacking, and the court must

---

[5] A motion for appointment of counsel has been filed on behalf of NMD. (Dkt. No. 4). The court will consider that motion below.

afford pro se plaintiffs the greatest leniency,[6] the court will continue its analysis of the merits of the complaint as if Mr. Mazzeo Unum were an individual plaintiff proceeding on his own behalf.

If Mr. Mazzeo Unum were an individual plaintiff, he could represent himself "pro se." The court notes that the IFP application appears to be based on Mr. Mazzeo Unum's individual finances, not on any "corporate" income and expenses. (Dkt. No. 2). A review of the IFP application shows that if Mr. Unum were a plaintiff, he would be financially eligible to proceed pro se.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490

---

[6] *See Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008) (court must interpret pro se complaints liberally).

U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the complaint under the above standards.

## II.     Complaint(s)

The documents that have been submitted by the plaintiffs as their "complaint" are two more in a series of incomprehensible complaints filed by Mr. Mazzeo Unum, either on his own behalf, or more recently, as "private corporations." *See Mazzeo Unum v. United States Dep't of Housing and Urban Dev. Dist. of Columbia, et al.*, No.

1:09-CV-1420 (LEK/RFT) (dismissed 3/11/10); *Mazzeo-Unum v. Soc. Sec. Admin., et al.*, No. 1:11-CV-983 (GLS/RFT) (dismissed 11/15/11 for failure to satisfy basic pleading requirements after opportunity to amend and amended complaint); *Bruno Unum v. Orange County Central Jail, et al.*, No. 1:12-CV-16 (GTS/RFT) (case transferred to California and later dismissed sua sponte as 8:12-CV-113 (MMM/PJW) after plaintiff failed to file an amended complaint, curing the "rambling, verbose, and unorganized tale");[7] *Mazzeo-Unum v. Dep't of Transportation, et al.*, No. 1:12-CV-1856 (TJM/RFT) (dismissed 6/12/13 for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Mazzeo-Unum v. Dep't of Taxation and Finance, et al.*, No. 1:13-CV-586 (MAD/RFT); *Comprehensive Medical Care Services, PC, et al. v. New York State Commission of Correction, et al.*, No. 1:13-CV-864 (GTS/CFH) (dismissed 12/30/13 after plaintiff failed to file an amended complaint curing the defects in the original); *Mazzeo-Unum v. Rockland County, et al.*, No. 1:13-CV-1108 (MAD/CFH) (recommendation of dismissal on 12/18/13); *Medical/Surgical Group Trust, et ano. v. NYS Energy Research and Development Auth., et al.*, No. 1:13-CV-1109 (LEK/CFH)

---

[7] The court notes that plaintiff filed four other cases in the Central District of California, all of which have been dismissed. *Unum v. Los Angeles Family Housing, et al.*, No. 2:04-CV-7837 (SJO/PJW) (closed 8/10/05 -dismissed after service on defendants); *Unum v. Los Angeles Family Housing, et al.*, No. 2:05-CV-1904 (DT/PJW) (closed 3/29/05 - dismissed sua sponte as a duplicate complaint); *Unum v. Orange County Cental Jail, et al.*, No. 8:04-CV-1231 (MMM/ PJW) (closed 3/23/05 - dismissed sua sponte in part because complaint was "unreadable" and plaintiff failed to submit an amended complaint after being afforded the opportunity to do so – appeal was dismissed for lack of jurisdiction); and *Unum v. Orange County Central Jail, et al.*, No. 8:05-CV-275 (UA/ PJW) (closed 4/15/05 - dismissed as duplicate of another complaint - appeal dismissed for lack of jurisdiction).

(order and report recommendation on 12/6/13 denying IFP and recommending dismissal for failure to comply with pleading standards or, in the alternative, grant opportunity to amend).

The complaints in this case have been submitted on forms for employment discrimination complaints. With respect to the corporate entities, there are no facts stated in either one of the forms that relate to the entities in any way. All the facts appear to relate to Mr. Mazzeo Unum as an individual. Thus, the complaint would have to be dismissed on behalf of the corporations because there is no statement of how any of the defendants acted or did not act with respect to the entities.

With respect to Mr. Mazzeo-Unum as an individual, he does not allege that he was employed by any of the defendants[8] or that any of the defendants engaged in discriminatory conduct of any kind. There are random statements about Mr. Mazzeo-Unum finding a knife "out side" in Knoxville, Tennessee, going to the Social Security Building, and being followed from Columbus, Ohio. (Dkt. No. 1 at 2-3). In the first complaint form, "plaintiff" claims that his "age" at the time of the discriminatory conduct was "past 50 years - 100 years."[9] (Dkt. No. 1 at 3). Plaintiff alleges that he became "homeless" on 3/2001, and suffered property theft in California, Tennessee,

---

[8] The defendants in the first form-complaint are the Department of Transitional Assistance in Boston, Massachusetts; the Department of Treasury Financial Services Management in Birmingham, Alabama; the Social Security Administration, with addresses in England and Columbus, Ohio. (Dkt. No. 1 at 2). Although the court will not discuss the issue of venue, it does appear that none of these defendants appear to be in the Northern District of New York.

[9] Once again, these facts apply to an individual and not to a corporate entity.

7

and Washington, D.C.

It appears that plaintiff Mazzeo Unum, (to the extent that he is a plaintiff in this action), claims that he was "thrown out" of various shelters, but then discusses individuals sitting on a couch and a "potential stabbing" with a butcher's knife. (Dkt. No. 1 at 4). None of these facts have anything to do with employment discrimination based upon age, even though plaintiff has checked boxes stating that there has been failure to employ, termination of employment, failure to promote, unequal terms and conditions of employment, reduction in wages, and retaliation. (Dkt. No. 1 at 2).

The second document is an ADA form-complaint. (Dkt. No. 1 at 5-8). In this document, the defendants are the Social Security Administration "Counsel of Staffing and Appeals Hearing;" the Congress of the United States, with an address in Massachusetts; the Community Center for Non Violence Shelter in Washington D.C.; the Albany County Civil Criminal Family Court in Albany, New York; and the Albany County (Child) (Delinquent Juvenile) Support Unit in Albany, New York. (Dkt. No. 1 at 6). At the bottom of the page, plaintiff lists various website addresses, including the Federal Communications Commission ("FCC"); the National Geographic Channel; National Public Radio; and the Library of Congress, to name a few. (*Id.*) At the end of this document, plaintiff also lists "additional defendants," Sher Plastics; Beth Freye; Richard Sher, and Marc Schumacker. (Dkt. No. 1 at 8).

Plaintiff again indicates by checking boxes on the form complaint that the

conduct complained of involves failure to employ, termination of employment, denial of participation in a public service or program; failure to make alterations to accommodate disability, and retaliation. (Dkt. No. 1 at 7). There is a hint of clarity on one of the pages of this complaint, where plaintiff states that there was a "delay in obtaining [Social Security Disability] Insurance, but the rest of the paragraph becomes impossible to understand. Plaintiff states that "cases on SSA that have too [sic] do with being injured on Sept. and December 2004: one at Wisconsin and M St. the other outside #425 Georgetown D.C. Second St. and D St. . . . ." (*Id.*) On the next page, plaintiff returns to a discussion of three to four women in a house in Tennessee, who apparently were having a fight on a couch with a butcher's knife. The rest of the paragraph is difficult to understand.[10] (Dkt. No. 1 at 8).

As stated above, this complaint is one of what is becoming a long line of nonsensical complaints filed by this plaintiff in this, and other District Courts, submitted with a multitude of seemingly random exhibits with no apparent relationship to anything stated in the complaints. Plaintiff occasionally names some of the same defendants in his various actions, but rarely attributes any action to a specific

---

[10] If Mr. Mazzeo Unum were actually complaining about a denial or delay of Social Security "Benefits," the only jurisdictional avenue by which he could bring his case to federal court is by way of 42 U.S.C. § 405(g), after a "final decision" by the Commissioner of Social Security. The court does note that in plaintiff's array of exhibits, he included a decision by an Administrative Law Judge in Massachusetts on April 19, 2005, granting plaintiff disability benefits beginning on June 15, 1999. (Pl.'s Ex. H-I). Plaintiff's application for Social Security Benefits (also attached to Exhibit H-I) listed an onset date of June 15, 1999. Thus, plaintiff received the benefits he requested.

9

defendant. In 13-CV-1109, in addition to suing the Power Authority of the State of New York and the Patent and Trademark Office of the United States, plaintiff has also sued the Department of Taxation and Finance and the Department of the Treasury, two of the defendants in this action.[11] In 11-CV-983, in addition to naming the NYS Division of Human Rights and the State of New York Commission on Judicial Conduct, plaintiff also named the Social Security Administration, a defendant in this action.[12] Plaintiff does not make any specific claims against any of the defendants, particularly nothing that has to do with employment or the failure to employ[13] the plaintiff or the "corporations." Plaintiff has not identified any disability from which he suffers or explained how the defendants discriminated against him because of any such disability.[14] Plaintiff also fails to request any legal or equitable relief from this court.

---

[11] In this case, there are no facts in either form-complaint that remotely refer to either of these defendants.

[12] 11-CV-983 was brought both on a form for civil rights actions under 42 U.S.C. § 1983 and on a form for employment discrimination based on age. However, the employment discrimination paragraphs were all crossed out.

[13] In order to adequately allege a claim under either the ADA or the ADEA, the plaintiff must show that he is a member of a protected class, he was qualified for the position for which he applied, he was denied the position, and the denial occurred under circumstances giving rise to an inference of discrimination. *See Stankovic v. Newman*, No. 3:12-CV-399, 2013 WL 6842530, at *2 (D. Conn. Dec. 27, 2013) (citing *Ruszkowski v. Kaleida Health Systems*, 422 F. App'x 58, 60 (2d Cir. 2011)).

[14] In the first part of the complaint, plaintiff does indicate that he is between 50 and 100 years old, but does not indicate how any of the defendants discriminated against him because of his age. The court does not question that plaintiff may suffer from a disability, but simply that he does not indicate how the defendants have discriminated against him based on a particular disability.

The court has reviewed the hundreds of pages of exhibits that plaintiff has submitted in three volumes: A-I to A-III. Most of the exhibits are completely nonsensical and clearly irrelevant to his lawsuits. He includes random magazine articles; medical articles, discussing various mental diseases; pictures of named and unnamed individuals; and copies of gift cards to restaurants and shops. (Pl.'s Ex. A-II- A-III). Other exhibits seem to be related to plaintiff's mental condition, previous lawsuits, or other medical and dental records. (Pl.'s Ex. D-III - which includes dental records from Albany, together with a copy of a magazine advertisement for the Ritz-Carlton Hotel, upon which plaintiff has written "Hidden Meaning").

Clearly Mr. Mazzeo Unum does not state claims under either the ADA or the AEDA. His complaint lacks any coherent statements of fact or requests for relief from the court. Plaintiff believes that he has been wronged for the last several years, but it is unclear what these wrongs might be or how they might support a valid federal claim.[15] It also appears that he files duplicate claims in slightly different complaints. If he ever had any claims, he has never articulated them in a comprehensive fashion, despite numerous opportunities. Thus, the court finds plaintiff's complaint to be frivolous and will recommend dismissing all of his submissions in their entirety.

---

[15] One of plaintiff's exhibits appears to be a copy of a medical license, issued to Mr. Unum, under the name of Michael John Mazzeo in 1993. (Pl.'s Ex. H-II in Volume A-II).

### III. Appointment of Counsel

#### A. Legal Standards

There is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Section 1915 specifically provides that a court **may** request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Terminate Control Corp. v. Horowitz*, the Second Circuit listed the factors that a court must consider in making the determination of whether to appoint counsel. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. *Terminate Control Corp.*, 28 F.3d at 1341 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). If so, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*. This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

B. **Application**

In NMD's motion for appointment of counsel, Mr. Mazzeo Unum states that he has attempted to obtain counsel, but has been unable to do so. He also states that he believes that, although the motion is signed by one of his "corporations," he personally should be appointed counsel because "they need practice @ applying there [sic] lack of knowledge, intellect, wisdom, and girth; RICKO." (Dkt. No. 4). As stated above, the corporations may not proceed pro se. Normally, the court would allow the plaintiffs time to obtain counsel before recommending dismissal. However, it appears that Mr. Mazzeo-Unum has already attempted to find counsel for his entities, but has been unsuccessful. A review of the complaint shows that all the claims are frivolous,[16] thus it cannot meet even the first requirement for appointment of counsel, that the claims "seem likely to be of substance." Therefore, the court will deny the motion for appointment of counsel, whether it applies to a corporate entity or whether it applies to Mr. Mazzeo Unum himself.

IV. **Opportunity to Amend**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds

---

[16] Clearly, Mr. Mazzeo Unum fails to state claims under either the ADA or the ADEA, and the court has struggled to determine what other basis for jurisdiction may be available to plaintiff. However, with the bizarre and varied list of defendants that are included in the statements of fact, and Mr. Mazzeo Unum's failure to indicate what the defendants may have done to deserve their status as defendants, there is no indication that a possible claim might be stated. As discussed above, Mr. Mazzeo Unum has, in other actions, shown an inability to craft a coherent, plausible legal claim, even when granted an opportunity to amend.

13

that any attempt of the plaintiff to amend this complaint would be futile, and he would still be unable to state any claim.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **DENIED**, and it is

**ORDERED**, that the motion for appointment of counsel (Dkt. No. 4) is **DENIED**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**, **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii) as frivolous and for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 6, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge