UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAZZEO UNUM ex rel.
NEURO-MEDICAL DIAGNOSTIC CARE
SERVICES P.C., MEDICAL TECH
INCORPORATION,

                                    Plaintiffs,

        vs.                                             1:13-cv-1593
                                                        (MAD/ATB)

DEPT. OF TRANSITIONAL ASSISTANCE,
DEPT. OF TREASURY, SOCIAL SECURITY
ADMINISTRATION, CONGRESS OF THE
UNITED STATES, COMMUNITY CENTER
FOR NONVIOLENCE, ALBANY COUNTY
CIVIL CRIMINAL FAMILY COURT
ALBANY COUNTY,

                                    Defendants.
_____

APPEARANCES:                          OF COUNSEL:

NEURO-MEDICAL DIAGNOSTIC
CARE SERVICES P.C.
c/o Mazzeo Unum
171 Sheridan Ave #6
Albany, New York 12210
Plaintiff *pro se*

MEDICAL TECH INCORPORATION
c/o Mazzeo Unum
171 Sheridan Ave. #6
Albany, New York 12210
Plaintiff *pro se*


Mae A. D'Agostino, U.S. District Judge:

## ORDER

        Plaintiff commenced this action in December 2013 against several federal and local

government entities, as well as a homeless shelter located in Washington, D.C.  *See* Dkt. No. 1.

Plaintiff's complaint is largely unintelligible and incoherent, and is comprised of two separate form complaints for claims arising under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"), respectively.

In a January 6, 2014, Order and Report-Recommendation, Magistrate Judge Andrew T. Baxter denied Plaintiff's application to proceed *in forma pauperis* and motion for appointment of counsel, and reviewed the sufficiency of the complaint. *See* Dkt. No. 6. Magistrate Judge Baxter noted that "this complaint is one of what is becoming a long line of nonsensical complaints filed by this plaintiff in this, and other District Courts, submitted with a multitude of seemingly random exhibits with no apparent relationship to anything stated in the complaints." *Id.* at 9. Finding that the complaints failed to state claims under either the ADEA or the ADA, Magistrate Judge Baxter concluded that if Plaintiff "ever had any claims he nas never articulated them in a comprehensive fashion, despite numerous opportunities." *Id.* at 11. As such, Magistrate Judge Baxter recommended that the complaint be dismissed with prejudice as frivolous. Plaintiff has not objected to the Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Baxter's Order and Report-Recommendation and the applicable law, the Court finds that Magistrate Judge Baxter correctly recommended that the Court should dismiss Plaintiff's complaint. A review of Plaintiff's complaint makes clear that it suffers from several deficiencies. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend, however, is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer*

*& Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, the Court agrees with Magistrate Judge Baxter that amendment would be futile. Reading the complaint liberally, there is no "suggest[ion] that the plaintiff has a claim that [he] has inadequately or inartfully pleaded and . . . should therefore be given a chance to reframe." *Cuoco*, 222 F.3d at 112. As such, Magistrate Judge Baxter correctly recommended that the Court dismiss the complaint with prejudice.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation (Dkt. No. 6) is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that this action is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.


**IT IS SO ORDERED.**

Dated: 4/15/2014

      Albany, New York

_____

Mae A. D'Agostino, U.S. District Judge